IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 19, 2010

**STATE OF TENNESSEE v. DEWAYNE LEWIS STARR**

**Appeal from the Circuit Court for Bedford County**
**No. 16842      Lee Russell, Judge**

**No. M2009-02260-CCA-R3-CD - Filed July 21, 2010**

The Defendant, Dewayne Lewis Starr, appeals the sentencing decision of the Bedford County Circuit Court. Following his guilty plea to being a motor vehicle habitual offender, a Class E felony, the trial court imposed a six-year sentence as a Range III, persistent offender to be served in the Department of Correction. On appeal, the Defendant asserts that his sentence is excessive and that the trial court erred in denying alternative sentencing. After a review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the Court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Richard Dugger, Shelbyville, Tennessee, for the appellant, Dewayne Lewis Starr.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General; Charles Crawford, District Attorney General; and Michael D. Randles, Assistant District Attorney General,  for the appellee, State of Tennessee.

**OPINION**

**Factual Background**

On August 11, 2009, the Defendant pleaded guilty to and was convicted of being a motor vehicle habitual offender. See Tenn. Code Ann. § 55-10-616. The underlying facts, as recited at the guilty plea hearing, are as follows:

[B]ack in November of 2000, Judge, the late Judge Rollins of Coffee County Circuit Court declared the [D]efendant to be a habitual motor offender and entered an order to that effect, and that order has remained in effect since that day. Moving forward to February 7, 2009, Officer Christopher Vest was on patrol here in Shelbyville and he observed a vehicle with a taillight that was out traveling on Elm Street. The vehicle turned in to Tate Street and stopped for a moment.

And then Officer Vest again saw the vehicle a short time later on Lane Parkway, and so he conducted a stop in front of Dairy Queen. So, all this is in very close proximity of both time and place. The [D]efendant was the driver of the vehicle. The officer asked if the [D]efendant had a driver's license. He said it had been suspended due to unpaid child support. Of course, a check of it revealed that he had, he actually had a revoked license and had been declared a habitual motor offender and so was arrested for that.

Subsequent to the acceptance of the Defendant's guilty plea, the trial court conducted a sentencing hearing. The State introduced the presentence report into evidence. The report showed that, at the time of sentencing, the Defendant was thirty-two years old and had three children, with another "on the way." In the report, the Defendant relayed that he was in arrears for child support, owing over $10,000 in support for his two daughters. The Defendant also stated that he had received his GED from Motlow State Community College. The presentence officer noted that the Defendant "ha[d] a sporadic employment history with long bouts of unemployment," some due to his incarceration. The presentence report also detailed the Defendant's lengthy criminal record.

No testimony was presented by either party. The Defendant's counsel argued that his sentence should be mitigated because he was only driving to work when he was arrested and he accepted responsibility for his actions. The Defendant simply threw himself on "the mercy of the [c]ourt."

After hearing the evidence presented, the trial court imposed a sentence of six years to be served at 45%. This sentence was to be served consecutively to a sentence for a prior violation of the Habitual Offenders Act. The trial court also determined that the Defendant was not an appropriate candidate for alternative sentencing and ordered that his sentence be served in the Department of Correction. The Defendant filed the instant timely appeal.

**Analysis**

On appeal, the Defendant challenges the sentence as imposed by the trial court. First, he contends that his six-year sentence is excessive. He also asserts that he was improperly denied an alternative sentence.

On appeal, the party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. See Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Comments; see also State v. Arnett, 49 S.W.3d 250, 257 (Tenn. 2001). When a defendant challenges the length, range, or manner of service of a sentence, it is the duty of this Court to conduct a de novo review on the record with a presumption that the determinations made by the court from which the appeal is taken are correct. Tenn. Code Ann. § 40-35-401(d). However, this presumption "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Pettus, 986 S.W.2d 540, 543-44 (Tenn. 1999); see also State v. Carter, 254 S.W.3d 335, 344-45 (Tenn. 2008). If our review reflects that the trial court failed to consider the sentencing principles and all relevant facts and circumstances, then review of the challenged sentence is purely de novo without the presumption of correctness. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see also Carter, 254 S.W.3d at 344-45.

In conducting a de novo review of a sentence, this Court must consider (a) the evidence adduced at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) evidence and information offered by the parties on the enhancement and mitigating factors set forth in Tennessee Code Annotated sections 40-35-113 and 40-35-114; (f) any statistical information provided by the Administrative Office of the Courts as to Tennessee sentencing practices for similar offenses; and (g) any statement the defendant wishes to make in the defendant's own behalf about sentencing. Tenn. Code Ann. § 40-35-210(b); see also Carter, 254 S.W.3d at 343; State v. Imfeld, 70 S.W.3d 698, 704 (Tenn. 2002).

**A. Length**

The Defendant was convicted of being a motor vehicle habitual offender, which is a Class E felony. See Tenn. Code Ann. § 55-10-616. As a Range III, persistent offender the Defendant's sentencing range was four to six years. See Tenn. Code Ann. § 40-35-112(c)(5). The trial court imposed an enhanced sentence of six years.

The Defendant's conduct occurred subsequent to the enactment of the 2005 amendments to the Sentencing Act, which became effective June 7, 2005. The amended

statute no longer imposes a presumptive sentence. Carter, 254 S.W.3d at 343. As further explained by our supreme court in Carter,

> the trial court is free to select any sentence within the applicable range so long as the length of the sentence is "consistent with the purposes and principles of [the Sentencing Act]." [Tenn. Code Ann.] § 40-35-210(d). Those purposes and principles include "the imposition of a sentence justly deserved in relation to the seriousness of the offense," [Tenn. Code Ann.] § 40-35-102(1), a punishment sufficient "to prevent crime and promote respect for the law," [Tenn. Code Ann.] § 40-35-102(3), and consideration of a defendant's "potential or lack of potential for . . . rehabilitation," [Tenn. Code Ann.] § 40-35-103(5).

Id. (footnote omitted).

The 2005 Amendment to the Sentencing Act deleted appellate review of the weighing of the enhancement and mitigating factors, as it rendered these factors merely advisory, as opposed to binding, upon the trial court's sentencing decision. Id. Under current sentencing law, the trial court is nonetheless required to "consider" an advisory sentencing guideline that is relevant to the sentencing determination, including the application of enhancing and mitigating factors. Id. at 344. The trial court's weighing of various mitigating and enhancing factors is now left to the trial court's sound discretion. Id. Thus, the 2005 revision to Tennessee Code Annotated section 40-35-210 increases the amount of discretion a trial court exercises when imposing a sentencing term. Id. at 344.

To facilitate appellate review, the trial court is required to place on the record its reasons for imposing the specific sentence, including the identification of the mitigating and enhancement factors found, the specific facts supporting each enhancement factor found, and the method by which the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. See id. at 343; State v. Samuels, 44 S.W.3d 489, 492 (Tenn. 2001). If our review reflects that the trial court applied inappropriate mitigating and/or enhancement factors or otherwise failed to follow the Sentencing Act, the presumption of correctness fails and our review is de novo. Carter, 254 S.W.3d at 345.

In setting the Defendant's sentence at six years, the trial court applied the following enhancement factors: (1) The Defendant had a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range; (8) The Defendant, before trial or sentencing, failed to comply with the conditions of a sentence involving release into the community; and (13) At the time the felony was committed, the Defendant was released on community corrections. See Tenn. Code Ann. § 40-35-114(1),

(8), (13). In mitigation, the trial court found that the Defendant's conduct neither caused nor threatened serious bodily injury. See Tenn. Code Ann. § 40-35-113(1). The trial court gave this factor little weight.

The sentence imposed by the trial court is appropriate. In addition to the felonies used to establish the Defendant's range, the Defendant had a lengthy criminal history including one felony conviction for facilitation of aggravated robbery and misdemeanor convictions for reckless endangerment, assault, harassment, vandalism, criminal trespassing, theft, and numerous driving offenses. The trial court also noted that the Defendant's probation was revoked on his sentence for facilitation of aggravated robbery and that the Defendant was on community corrections for being a motor vehicle habitual offender at the time he committed the present offense. The trial court properly enhanced the Defendant's sentence based upon his criminal history and because he was on community corrections. We conclude that the trial court did not err or abuse its discretion in enhancing the Defendant's sentence to six years.

**B. Alternative Sentencing**

Effective June 7, 2005, our legislature amended Tennessee Code Annotated section 40-35-102(6) by deleting the statutory presumption that a defendant who is convicted of a Class C, D, or E felony, as a mitigated or standard offender, is a favorable candidate for alternative sentencing. Our sentencing law now provides that a defendant who does not possess a criminal history showing a clear disregard for society's laws and morals, who has not failed past rehabilitation efforts, and who "is an especially mitigated or standard offender convicted of a Class C, D or E felony, *should* be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. A court shall consider, but is not bound by, this advisory sentencing guideline." Tenn. Code Ann. § 40-35-102(5), (6) (emphasis added). No longer is any defendant entitled to a presumption that he or she is a favorable candidate for alternative sentencing. Carter, 254 S.W.3d at 347.

The following considerations provide guidance regarding what constitutes "evidence to the contrary":

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant . . . .

Tenn. Code Ann. § 40-35-103(1); see also Carter, 254 S.W.3d at 347. Additionally, the principles of sentencing reflect that the sentence should be no greater than that deserved for the offense committed and should be the least severe measure necessary to achieve the purposes for which the sentence is imposed. Tenn. Code Ann. § 40-35-103(2), (4). The court should also consider the defendant's potential for rehabilitation or treatment in determining the appropriate sentence. Tenn. Code Ann. § 40-35-103(5).

Here, the Defendant was sentenced as a persistent offender. Because the Defendant was not a mitigated or standard offender, he is not considered a favorable candidate for alternative sentencing. In light of his persistent offender status, it is the Defendant who bears the burden of establishing suitability for an alternative sentencing option.

Based upon our de novo review, we conclude that the record supports a sentence of total incarceration. The trial court denied an alternative sentence based upon the Defendant's lengthy criminal history and his demonstrated failure at past rehabilitative efforts. Again, the Defendant's criminal record was extensive and occurred over a long period of time, beginning when he reached the age of majority. He had four prior convictions for violation of the Habitual Offenders Act. The Defendant was on community corrections for being an habitual offender at the time he committed the instant offense. The trial court properly considered the sentencing principles and all relevant facts and circumstances. Furthermore, the Defendant has not carried his burden of establishing his suitability for an alternative sentence and has not established that total suspension of his sentence serves the ends of justice or the best interest of the public. We cannot conclude that the trial court erred or abused its discretion by denying an alternative sentence.

**Conclusion**

Based on the foregoing reasoning and authorities, we conclude that the sentence as imposed is not excessive that the trial court did not err in denying the Defendant an alternative sentence. The judgment of the Bedford County Circuit Court is affirmed.

_____
DAVID H. WELLES, JUDGE